# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**V.**  CRIMINAL NO. 2:10CR13

**MONROE WHITFIELD, III**

## MEMORANDUM OPINION

This cause came before the court on the *ore tenus* motion with sentencing memorandum **[25]** of the Defendant seeking application of the Fair Sentencing Act of 2010 at his December 16, 2010 sentencing. Defendant raised the issue of whether the Fair Sentencing Act of 2010 applies to a post-enactment sentencing when the crack cocaine trafficking offense and guilty plea occurred prior to enactment. This court concludes that it does.

Monroe Whitfield sold cocaine base, or crack cocaine, in excess of fifty (50) grams in February 2007. He pled guilty to this offense on June 24, 2010. The FSA of 2010 was enacted on August 3, 2010 and became effective on the same date. Whitfield's sentencing was held on December 16, 2010.

Defendant requested this court to follow the Fair Sentencing Act of 2010 when determining his sentence. Whitfield's offense conduct and entry of plea of guilty occurred prior to enactment of the Fair Sentencing Act, as discussed above. However, his sentencing was held subsequent to the Act's enactment.

The Fair Sentencing Act of 2010 was enacted to "restore fairness to Federal cocaine sentencing." Preamble, Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Notably, the Act increased the quantities of cocaine base necessary to earn five-year and

ten-year minimum sentences. These provisions eliminated the highly disproportionate 100:1 cocaine base to powder ratio implemented under the old guidelines, which have been the subject of much scholarly comment and, according to Senator Patrick Leahy, "sparked a nationwide debate about racial bias." 155 Cong. Rec. S10492 (daily ed. Oct. 15, 2009).

The Act became effective on August 3, 2010. Most applicability issues have been presented in post-sentencing proceedings.[1] As such, holdings have been fairly universal that the Act does not apply retroactively to alleviate these already incarcerated defendants. The rationale for not applying the Fair Sentencing Act in such cases has been that the statutory Savings Clause bars such remedy in post incarceration cases. Specifically, the Savings Clause provides that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty . . . unless the repealing Act shall so expressly provide . . . ." 1 U.S.C. § 109; *see also Carradine*, 621 F.3d at 580.

This case deals with a post-plea, pre-sentence scenario. The District of Maine was recently presented with an analogous case. *See United States v. Douglas*, 2010 WL 4260221 (D. Me. Oct. 27, 2010). In *Douglas*, the defendant had sold cocaine base in 2009 and pled guilty to the offense in January 2010. His sentencing was held after enactment of the Fair Sentencing Act.

The *Douglas* court reviewed legislative history and examined cases interpreting the Savings Clause. Judge Brock Hornby noted that the Fair Sentencing Act does not contain an express retroactive provision, unlike the statute at issue in leading case applying the Savings Clause to enforce earlier sentences where the relevant statute preserved harsher penalties for

---

[1]*See United States v. Gomes*, 621 F.3d 1343, 1345-46 (11th Cir. 2010); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *United States v. Bell*, 624 F.3d 803, 814-15 (7th Cir. 2010); *United States v. Brewer*, 624 F.3d 900, 900 n. 7 (8th Cir. 2010).

prosecutions occurring prior to the effective date. *Warden v. Marrero*, 417 U.S. 653, 94 S. Ct. 2532, 41 L. Ed.2d 383 (1974). The court further distinguished *Marrero*, finding that:

> the explicit congressional grant of emergency guideline amendment authority and the mandate of 'consistency' and 'conforming' amendments, coupled with the express language of the Sentencing Reform Act of 1984 (that the Guidelines in effect on the day of sentencing control irrespective of when offense conduct occurred), unmistakenly demonstrate Congress' urgency and expectation of immediate change.

*Id*. at *5. The court determined that legislative intent clearly demonstrated that "Congress did not want federal judges to continue to impose harder mandatory sentences after enactment merely because the criminal conduct occurred before enactment." *Id*. at *6. Judge Hornby specifically noted, "I would find it gravely disquieting to apply hereafter a sentencing penalty that Congress has declared to be unfair." *Id*. at *6 n. 57.

The Fifth Circuit has not yet addressed the current issue. However, the court has previously determined that "changes in statute law relating only to procedure and remedy are usually held immediately applicable to pending cases." *Turner v. United States*, 410 F.2d 837, 842 (5th Cir. 1969). The Fair Sentencing Act deals with remedies. This stance supports applying the FSA to current and future sentencings.

Defendant in the instant action argues that a sentence determination under the older, more restrictive guidelines would frustrate legislative intent. Defendant's exhibits include a letter written by the Act's sponsors, United States Senators Patrick J. Leahy and Dick Durbin, to Attorney General Holder. The November 17, 2010 letter from the lead sponsors of the Fair Sentencing Act bolsters the position that applying the Act would be consistent with congressional intent. Specifically, Senators Leahy and Durbin stated "we write to urge you to apply its [the

3

Act's] modified mandatory minimums to all defendants who have not yet been sentenced, including those whose conduct predates the legislation's enactment." The sponsors further noted that when the Act passed the Senate, Senator Durbin made clear that "[e]very day that passes without taking action to solve this problem is another day that people are being sentenced under a law that virtually everyone agrees is unjust."

The overarching theme of this country's justice system is fairness. Miscreants hailed to the bar have traditionally enjoyed the benefit of the *Ex Post Facto* Clause to prohibit the retrospective application of laws prejudicing a defendant. *See, e.g. United States v. Rose*, 153 F.3d 208, 210 (5th Cir. 1998). This court is hesitant to impose a sentence that Congress has deemed unfair. Holding otherwise appears to this court as illogical. Judge Hornby succinctly captured this issue by asking "what possible reason could there be to want judges to continue to impose new sentences that are not 'fair' over the next five years while the statute of limitations runs?" *Douglas*, 2010 WL 4260221, at *6.

This court finds that applying the Fair Sentencing Act of 2010 to further federal crack cocaine sentencings is consistent with congressional intent and in harmony with the language, or lack thereof, in the Act itself. The defendant's motion is granted.

This the 21st day of December, 2010.

> **/s/ MICHAEL P. MILLS**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**
> **NORTHERN DISTRICT OF MISSISSIPPI**